**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIC LEWIS,

                         Petitioner,

  - v -                                                  Civ. No. 9:02-CV-1601
                                                                        (GLS/RFT)

UNITED STATES PAROLE COMMISSION and
MICHAEL K. NALLEY, Warden FCI Ray Brook,

                        Respondents.

**APPEARANCES:**                                       **OF COUNSEL:**

ERIC LEWIS
Petitioner, *Pro Se*
11837-083
FCI Medium
P.O. Box 90043
Petersburg, VA 23804


HON. GLENN T. SUDDABY                                   CHARLES E. ROBERTS
United States Attorney for the Northern District of New York     Assistant U.S. Attorney
Attorney for Respondents
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    *Pro se* Petitioner Eric Lewis was convicted of robbery and possession of a firearm during a crime of violence and is currently serving an aggregate twenty-one year, D.C. Code prison sentence imposed by the Superior Court of the District of Columbia. Dkt. No. 8, Resp. at p. 1.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and N.Y.N.D.L.R. 72.3(c).

On January 8, 2002, Petitioner had an initial parole hearing. Dkt. No. 1, Pet'r Mem. of Law at p. 1. Parole was denied, with a rehearing date scheduled for January 2005. Dkt. No. 1, Pet., Ex. G, Initial Hr'g. While in federal custody at the Federal Correctional Institute in Ray Brook, located in Ray Brook, New York, Petitioner filed this Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2241 challenging the denial of parole on the grounds that the U.S. Parole Commission: (1) relied on inaccurate information; (2) did not follow correct procedures in "the awarding of superior programming;" and (3) violated the *Ex Post Facto* Clause of the U.S. Constitution. Pet. at Grounds One through Three. For the reasons that follow, it is recommended that the Petition be **DENIED.**

## I. BACKGROUND

Petitioner was indicted by a grand jury in the District of Maryland for bank robbery, bank larceny, and armed bank robbery for allegedly robbing a branch of the Citizens Bank and Trust Company in Maryland on April 29, 1981. Resp., Ex. E, Pre-sentence Rep., at p. 2. Lewis was arrested on January 18, 1982, while he was in the commission of another bank robbery. *Id*. at pp. 2 & 5. Petitioner subsequently pled guilty on April 1, 1982. *Id*. at p. 5. Under the plea agreement, Petitioner pled guilty to one count of bank robbery and, in return, the other indicted charges were dismissed. *Id*.

At his initial parole hearing, held on December 8, 1993, Petitioner admitted that he committed six bank robberies. Resp., Ex. G, Initial Hr'g Summ., at p. 1. The parole hearing panel consequently calculated Petitioner's offense severity rating as seven and determined his salient factor score to be five. *Id*. On this basis, the panel determined that the appropriate parole guideline range for Petitioner was between seventy-eight and one hundred fourteen months. *Id*.

Petitioner's time served in federal custody did not fall within this range, but the panel credited Petitioner with two years served in state custody prior to the commencement of his federal sentence because the offense severity rating calculation included the state bank robberies. *Id.* By including the time Petitioner served in state custody, the panel found that as of December 18, 1993, Petitioner would have served 143 months in combined state and federal custody. *Id*. Petitioner's overall time served would exceed the guideline range for parole eligibility. *Id*. The panel subsequently recommended that Petitioner be released to the custody of the State of Maryland on January 25, 1994, after serving144 months in total confinement, or, if a detainer from the State of Maryland was not exercised, to the community on February 25, 1994, with conditional special drug aftercare. *Id*. at p. 2. After reviewing the findings of the initial parole hearing panel, the U.S. Parole Commission granted Petitioner parole on March 3, 1994, after Petitioner had served a total of 146 months in state and federal custody. *Id*., Exs. I, Notice of Action & J, Cert. of Parole, dated Feb. 28, 1994. In granting Petitioner parole, the Commission noted that though the guideline range for good institutional adjustment and parole achievement was sixty-four to ninety-two months, because Lewis had to serve a minimum sentence above the guideline range, and since he committed two non-drug related infractions while incarcerated, he would not be released on parole until he served the 146 months. *Id*.

On March 1, 1995, Petitioner was rearrested in Washington, D.C. and charged with armed robbery.[2] Resp., Ex. K, Violation Rep., dated Mar. 2, 1995. The Commission issued a parole violator warrant for Petitioner's arrest. *Id*., Ex. L, Warrant App. & Warrant, dated Mar. 6,

---

[2] On March 1, 1995, Petitioner held up a clothing store with a firearm. *See* Resp., Ex. O, D.C. Initial Pre-Hr'g Assessment, at p. 1. Upon arresting him, police found in Petitioner's jacket pocket a bag containing $183 along with a .380 Beretta handgun with six rounds of ammunition in the magazine. *Id.*

1995. On June 27, 1995, Petitioner pled guilty to armed robbery in the Superior Court of the District of Columbia and was sentenced to twenty-one years of imprisonment under the D.C. Code. *See id*. at p. 2, Ex. D, Judgment and Commitment. The Commission subsequently lodged its parole violator warrant against Petitioner as a detainer.[3] *Id*., Ex. N, Notice of Action, dated Apr. 10, 1998.

On December 12, 2001, a Commission Hearing Examiner prepared a pre-hearing assessment of Petitioner's case and indicated that Petitioner had demonstrated superior program achievement sufficient to indicate a twenty-seven month downward departure of the guidelines for parole eligibility. *Id*. at p. 3, Ex. O, D.C. Initial Pre-Hr'g Assessment, at p. 3. However, during Petitioner's initial parole hearing, held on January 8, 2002, a second Commission Hearing Examiner found that Petitioner's superior program achievement merited only a ten-month reduction for parole eligibility. *Id*., Ex. P, D.C. Adult Initial Hr'g Summ., at p. 2. Then, upon further review, held on January 24, 2002, the Executive Hearing Examiner found that Petitioner lacked sufficient evidence of superior programming achievement to support *any reduction at all* of the guidelines. *Id*. at p. 3, Ex. Q, Addendum, dated Jan. 24, 2004. The Executive Hearing Examiner subsequently recommended parole eligibility reconsideration in thirty-six months. *Id*. The Examiner further noted that Petitioner "was on parole for five [previous] robberies when he committed the [D.C. bank robbery]." *Id*. Based on the Executive Hearing Examiner's recommendation, the Commission denied Petitioner parole on January 29, 2002, and a reconsideration hearing was ordered to be held in January 2005 after Petitioner had served the thirty-six month duration from the January 8, 2002 hearing date. *Id*., Ex. R, Notice of Action, at

---

[3] As of March 7, 2003, the detainer was still in effect. Resp., Ex. A, Sentence Monitoring, at p. 1.

p.1.

Petitioner subsequently filed an appeal of the Commission's decision with the National Appeals Board. *Id*., Ex. S, Mem. However, since D.C. Code violators have no right to appeal in this way, the Commission treated the appeal as a request to reopen the case. *Id*. The Commission denied the request, finding that at the time of the parole hearing, Lewis had not yet served time sufficient to be within the guideline range. *Id.* The Commission found that the Examiner had mistakenly credited Petitioner with two months beyond the time actually served, and, as of January 18, 2002, Petitioner had served only eighty-two months in confinement. *Id*. The Commission also found that the Examiner was not unreasonable in denying Petitioner credit for superior programming achievement after concluding that "the record does not support such achievement." *Id.* Consequently, on May 23, 2002, the Commission denied Petitioner's request to reopen his case. *Id*., Exs. T, Lt., dated May 23, 2002, & U, Notice of Action. This Petition followed.

## II.  DISCUSSION

### A.  Standard of Review

Under 18 U.S.C. § 4203, the U.S. Parole Commission is granted the exclusive discretion to grant or deny parole. *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976); *see also Tuteri v. Nardoza*, 732 F.2d 32, 36 (2d Cir. 1984) (citing *Billiteri*); *Hinojosa v. Willingham*, 2006 WL 3885224, at *1 (D. Conn. Nov. 1, 2006). Courts have no power to make parole determinations since "it is not [their] function . . . to review the discretion of the Board in the denial of applications for parole or to repass on the credibility of reports and information received by the Board in making its determinations." *Billiteri v. United States Bd. of Parole*, 541

F.2d at 944 (quoting *Brest v. Ciccone*, 371 F.2d 981, 982-83 (8th Cir. 1967)). However, courts may properly review a parole determination in a *habeas corpus* proceeding to determine whether the Commission has so abused its discretion as to curtail a petitioner's constitutional rights. *Id*. (citing *Clay v. Henderson*, 524 F.2d 921, 924 (5th Cir. 1975)); *Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir. 1983). Where the court finds that there was a rational basis for the Commission's decision, the court will defer to the Commission's reasonable interpretation of its own regulations. *Lieberman v. Gunnell*, 726 F.2d 75, 77 (2d Cir. 1984) (citing *Bialkin v. Baer*, 719 F.2d 590). Thus, if there is "some evidence" for the U.S. Parole Commission's determination, "the decision should be affirmed." *Hinojosa v. Willingham*, 2006 WL 388524, at *1 (citations omitted). In addition, "courts should not judge the credibility of the evidence relied upon by the Commission." *Id*. (citing *Billiteri v. United States Bd. of Parole*, 541 F.2d at 944).

### B.  Inaccurate Information

#### 1. Salient Factor Score

Petitioner argues that the Commission relied on inaccurate information in departing from the guidelines. Pet'r Mem. of Law at p. 2. He contends first that the U.S. Parole Commission's determination of his salient factor score when denying him parole was inaccurate because the Commission counted both his 1980 and 1981 convictions as prior commitments of more than thirty days each. *Id*. at pp. 2-3  In denying that he had two prior commitments, Petitioner relies on the salient factor score calculations and subsequent explanations that appeared in the February 3, 1994 Notice of Action sent to him by the Commission. *Id*.  Lewis claims that in reviewing the 1994 Notice of Action, the Commission counted only one prior conviction and no prior commitments of more than thirty days when calculating his salient factor score. Pet., Ex.

B, Notice of Action, at pp. 1-2.  The February 3, 1994 Notice of Action notwithstanding, the record shows that in 1980 he served two hundred days in custody after being committed for carrying a dangerous weapon, and in 1981 he was sentenced to fifteen years for bank robbery. Resp., Ex. O, D.C. Initial Pre-Hr'g Assess., at p. 2.  Therefore the Commission did not rely on inaccurate information in considering both commitments when calculating his salient factor score and there was no abuse of discretion.  *See generally Hinojosa v. Willingham*, 2006 Wl 3885224, at *1.  Accordingly, this ground of the Petition should be **denied**.

### *2. Five Robberies*

Petitioner next contends that the Commission inaccurately relied on information that he was on parole for five robberies when he committed the instant offense.  Pet'r Mem. of Law at p. 2.  Although Petitioner admitted to having committed six bank robberies at his initial hearing on December 8, 1993, Petitioner asserts he only has three prior robbery convictions.  Resp., Exs. G, Initial Hr'g Summ., at p. 1 & Ex. O, D.C. Initial Pre-Hr'g Assess., at pp. 1-2.  Petitioner argues that the Executive Hearing Examiner improperly recommended a reconsideration hearing in thirty-six months based upon the five prior robberies.  Pet'r Mem. of Law at pp. 2-3; Resp., Ex. Q, Addendum.

Notwithstanding Lewis' contentions, the Commission did not consider that Petitioner was on parole for five prior robberies in calculating his salient factor score.  Resp., Ex. R, Notice of Action, dated Jan. 29, 2002.  Instead, the Commission based Petitioner's salient factor score on the two commitments of more than thirty days and assessed his base point score on those two commitments as well as the fact that he had committed acts of violence in his current offense and felony violence in two or more previous offenses.  *Id*.  While the Commission may have been

mindful of Petitioner's admitted criminal history, the record does not support the conclusion that the five robberies to which Petitioner admitted independently contributed to the Commission's decision to deny parole. *Id*. Thus, Petitioner's argument that the Commission relied on inaccurate information to deny parole is without merit, since the Commission did not rely on the disputed information in making its decision. *See Hinojosa v. Willingham*, 2006 WL 3885224, at *1 (citing *Billiteri v. United States Bd. of Parole*, 541 F.2d at 944). Accordingly, this ground of the Petition should be **denied**.

### 3. Double Counting

Petitioner claims that the Commission impermissibly double counted a single unfavorable factor in its parole determination. Pet., Mem. of Law at p. 3. He argues that the Commission and the Executive Hearing Examiner used the same unfavorable factor twice to calculate his guidelines. *Id*. at pp. 2-3.

According to the District of Columbia Court of Appeals, double counting under the D.C. Code exists when the Commission uses a single factor to calculate the guideline range for granting parole, then uses this same factor to extend the range beyond that indicated by the guidelines. *Hall v. Henderson*, 672 A.2d 1047, 1056 (D.C. 1996) (cited in *Brown v. United States Parole Comm'n*, 2003 WL 194206, at *5 n.7 (S.D.N.Y. Jan. 28, 2003)). Where such double counting has occurred, the District of Columbia Court of Appeals has held that this constitutes an abuse of discretion by the Commission and the *habeas* petitioner is entitled to relief. *Mason v. United States Parole Comm'n*, 768 A.2d 591, 592 (D.C. 2001) (cited in *Brown v. United States Parole Comm'n*, 2003 WL 194206, at *5).

In the present case, Petitioner is not entitled to relief for double counting. In considering

Petitioner's parole request, the Commission properly exercised its discretion to deny Petitioner credit for superior programming when it found that the record lacked support for such an achievement. Resp., Ex. R, Notice of Action, dated Jan. 29, 2002. While Petitioner subsequently received no reduction of the guidelines on the basis of superior programming, by denying credit for superior programming the Commission did not exceed the guideline range. *Id*. The Commission clearly states that after considering "all factors and information presented, a decision outside the Total Guideline Range . . . is not found warranted." *Id*. Because the Commission's parole decision fell within the guidelines, no double counting has occurred in this case and Petitioner's request for relief based upon his claim of double counting should be **denied**.

### *4. Assault on Co-defendant*

Petitioner further argues that the Commission's decision was mistakenly based on inaccurate information indicating that he had once caused a co-defendant to be beaten. Pet'r Mem. of Law at p. 3. However, the record shows that the Commission found this information to be unsubstantiated. Pet., Exs. F, Mem., dated Feb. 1, 1994, & G, Williams Lt., dated Jan. 27, 1994. Furthermore, there is no evidence in the record to suggest that the Commission or the hearing examiners considered this information at all in denying or recommending a denial of parole. *See* Resp., Exs. O, D.C. Initial Pre-Hr'g Assess., P, Adult Initial Hr'g Summ., Q, Addendum, & R, Notice of Action, dated Jan. 29, 2002. Therefore, Petitioner's claim that the Commission relied on inaccurate information in making its decision has no merit. *See Bialkin v. Baer*, 719 F.2d at 593. Accordingly, this ground of the Petition should be **denied.**

### C. Improper Procedures

### *1. Denial of Correct Hearing*

Petitioner argues that the Commission denied him a correct hearing under 28 C.F.R. § 2.47(b) by failing to hold a joint revocation/initial parole hearing.  Pet'r Mem. of Law at 3-4.  Lewis claims, in essence, that the Commission exercised jurisdiction over him pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-331, 111 Stat. 712.  *See id*. at pp. 3-4; Resp. at pp. 13-14.  Petitioner contends that the Commission violated the Act by failing to hold a joint revocation/initial parole hearing in his case as required by the Act whenever U.S. parole violators are serving a new federal sentence.  *Id*.

Under 28 C.F.R. § 2.47(b), the Commission may allow a parole violation warrant to stand as a detainer and schedule the revocation hearing to coincide with an initial hearing where a prisoner is serving a new <u>federal</u> sentence.  However, Petitioner, having been sentenced by the Superior Court of the District of Columbia under the D.C. Code, as opposed to the United States District Court for the District of Columbia, was not serving a new federal sentence and therefore 28 C.F.R. § 2.47(b) would be inapplicable.  Resp., Ex. D, Judgment & Conviction.  Petitioner errs in interpreting the provisions of 28 C.F.R. § 2.47(b) as applying to his particular set of circumstances, since it does not apply to all new sentences under the authority of the Commission as Petitioner suggests.  *See* Pet'r Mem. of Law at p. 3; Resp. at pp. 13-14.  Even if Petitioner *was* serving a new federal sentence, 28 C.F.R. § 2.47(b) specifies that the Commission *may* schedule a joint revocation/initial parole hearing.  Thus, 28 C.F.R. § 2.47(b) merely authorizes the Commission to exercise its discretion as to whether or not to schedule a combined hearing.  Therefore, by choosing not to schedule a combined hearing in any case where a parole

violator is serving a new federal sentence, the Commission has not abused the discretion granted it under 28 C.F.R. § 2.47(b).

Where parolees are serving a new state or local sentence, as in Petitioner's case, 28 C.F.R. § 2.47(c) is the appropriate provision to apply. Unlike 28 C.F.R. § 2.47(b), § 2.47(c) does not call for the Commission to schedule a joint revocation/initial parole hearing, but instead states that the Regional Commissioner may order a revocation hearing to be conducted at the institution where the parolee is confined. 28 C.F.R. § 2.47(c)(2). Therefore the Commission cannot have abused its discretion by failing to grant Petitioner such a joint hearing since a joint hearing is not within the purview of § 2.47(c). Thus, the Court must defer to the Commissions' interpretations of its own regulations in deciding what type of hearing should be administered. Accordingly, this ground of the Petition should be **denied.**

### 2. *Awarding of Superior Programming*

Petitioner claims that the Commission failed to follow proper procedure in the awarding of superior programming pursuant to 28 C.F.R. § 2.80(k). Pet'r Mem. of Law at p. 4. Specifically, Plaintiff asserts he was improperly denied the twenty-seven month departure initially recommended for superior program achievement. *Id*. at pp. 4-5; Resp. at p. 3, Ex. O, D.C. Initial Pre-Hr'g Assess. at p. 3.

The Commission's decision not to award Petitioner superior programming will not be disturbed by this Court. *See Lieberman v. Gunnell*, 726 F.2d at 77; *Hinojosa v. Willingham*, 2006 WL 3885224, at *1. Under 28 C.F.R. § 2.80(k), an award for superior programming first requires the Commission to find evidence of superior programming.[4] Such a finding is within

---

[4] 28 C.F.R. 2.80(k) states in relevant part that "[i]f superior program achievement is not found, this step is not applicable."

the discretion of the Commission. 28 C.F.R. § 2.80(k); *see also Walker v. United States*, 816 F.2d 1313, 1316 (9th Cir. 1987) (holding that "[j]udgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion"); *Stroud v. United States Parole Comm'n*, 668 F.2d 843, 846 (5th Cir. 1982) (stating the Commission does not have to "consider institutional conduct as a major factor in its determination of parole"); *Ocampo v. Quinlan*, 1986 WL 9788, at *5 (S.D.N.Y. Sept. 2, 1986). Prior to the final review, before a determination was made as to parole, Petitioner's eligibility was reviewed on two other occasions in which the reviewers had two different opinions as to Petitioner's superior program achievement. Resp., Exs. O, D.C. Initial Pre-Hr'g Assess. at p. 3, & P, Adult Initial Hr'g Summ. at p. 2. In reviewing Petitioner's application for parole, the Commission relied on the third review made by the Executive Hearing Officer that there was insufficient evidence of superior programming achievement to support any reduction of the guidelines in light of the severity of Petitioner's offenses. *Id*., Ex. Q, Addendum. The Commission had a rational basis to utilize the third review in light of the differing opinions and the Court will refrain from making any credibility determinations on the evidence relied upon by the Commission. *See Liberman v. Gunnell*, 726 F.2d at 77; *Hinojosa v. Willingham*, 2006 WL 3885224, at *1. Therefore, the Commission did not abuse its discretion in determining the effect of Petitioner's superior programming achievement. Accordingly, this ground of the Petition should be **denied.**

### D. *Ex Post Facto* Clause

Petitioner contends that the Commission violated the *Ex Post Facto* Clause of the U.S. Constitution by applying the revised D.C. Code guidelines for offenders in making a parole

decision. *See* Pet'r Mem. of Law at p. 6. Specifically, Petitioner claims that the Commission improperly added two months to his guideline range for committing two non-drug related infractions while incarcerated. *Id*.

Under the *Ex Post Facto* Clause, Congress may not pass a criminal or penal law that imposes punishment for acts not punishable at the time of their commission or imposes more onerous punishment than that which was then prescribed. U.S. CONST., art. I, § 9 cl. 3; *Weaver v. Graham*, 450 U.S. 24, 28 (1981); *DiNapoli v. Northeast Reg. Parole Comm'n*, 764 F.2d 143, 145 (2d Cir. 1985). In *Weaver*, the Supreme Court identified two necessary conditions for a new criminal or penal law to be found *Ex Post Facto*. First, the law must be retrospective, applying to events which transpired prior to its enactment, and, second, the law must disadvantage the offender by being more onerous than the law in effect when the acts were committed. *Weaver v .Graham*, 450 U.S. at 29 (citing *Lindsey v. Washington*, 301 U.S. 397, 401 (1937)).

Petitioner's argument that the Commission violated the *Ex Post Facto* Clause is first predicated on the assumption that the parole guidelines applied by the Commission are "laws" within the meaning of the *Ex Post Facto* Clause. However, it is well established that D.C. parole guidelines are not laws for the purposes of the *Ex Post Facto* Clause. *See DiNapoli v. Northeast Reg. Parole Comm'n*, 764 F.2d at 145 (cited in *Davis v. Henderson*, 652 A.2d 634, 636-37 n.5 (D.C. 1995). In fact, the Second Circuit has stated that the "guidelines are not law, but guideposts which assist the Parole Commission . . . in exercising its discretion. Nor do these guidelines have the characteristics of law. They are not fixed and rigid, but are flexible. The Commission remains free to make parole decisions outside of these guidelines." *DiNapoli v. Northeast Reg. Parole Comm'n*, 764 F.2d at 146 (quoting *Ruip v. United States*, 555 F.2d 1331,

1335 (6th Cir. 1977); *see also Priore v. Nelson,* 626 F.2d 211, 217 (2d Cir. 1980) (rejecting the proposition that parole guidelines constitute laws for the purposes of the *Ex Post Facto* Clause). Therefore, Petitioner's claim that the Commission violated his rights under the *Ex Post Facto* Clause of the U.S. Constitution by adding two months to his guidelines for the two infractions is without merit.

Even if the parole guidelines applied to Petitioner were laws, Petitioner's claim that the application of the guidelines violated the *Ex Post Facto* Clause would require them to have been applied both retroactively and to his disadvantage, as set forth in *Weaver*. 450 U.S. at 29. However, in Petitioner's case, the Commission applied the same parole law to him that was in effect when he committed his crime. *See* D.C. Code § 24-404(a) (formerly numbered 24-204(a)).

Under the National Capital Revitalization and Self-Government Improvement Act of 1997, the Commission is empowered to make parole decisions for prisoners who would previously have been granted or denied parole by the D.C. Board of Parole, although such determinations must be made according to the parole regulations of the District of Columbia. Pub. L. No. 105-33, 111 Stat. 712, codified at D.C. Code § 24-131(a)(2) (2001). Upon assuming the authority of the D.C. Parole Board, the Commission revised these regulations pursuant to the authority granted under the Revitalization Act and they now appear at 28 C.F.R. § 2.80. Therefore, by applying the guidelines of 28 C.F.R. § 2.80 to Petitioner's case, the Commission was essentially applying D.C. Code § 24-404(a), the same law that would have been applied to Petitioner had the D.C. Board of Parole remained authorized to make a parole determination.[5]

---

[5] While 28 C.F.R. § 2.80 additionally provides parole applicants with a presumptive parole date, the factors considered for parole eligibility in these revised guidelines are comparable to those of D.C. Code § 24-404.

Petitioner argues that the revised guidelines disadvantage him by adding a factor to the original D.C. Code for disciplinary infractions that increases his base guideline range. *See* Pet'r Mem. of Law at p. 6. While it is possible that the inclusion of this factor in the revised parole guidelines could affect a parole determination, Petitioner has failed to show that the effect of this inclusion is to apply a more onerous penalty for his offense than that in effect at the time he committed his crime.

Under D.C. Code § 24-404, the D.C. Board of Parole was authorized to exercise its discretion in making parole determinations. Although the guidelines recommended whether or not parole should be granted to a prisoner, they were not binding on the Board. *See* 35 D.C. Reg. 455 (1988), codifed at 28 DCMR §§ 104.1 (1987); Resp. at p. 12.[6] Having assumed the authority previously granted to the D.C. Board under the Revitalization Act, the Commission was equally empowered to exercise its discretion in making a parole decision. Therefore, despite the revision of the parole guidelines applied to his case, Petitioner has failed to show that the revision caused a more onerous penalty to be applied to him than that which was within the Commission's discretion to apply absent such a revision.

The Commission neither applied a new, retroactive law to Petitioner nor applied a law to Petitioner that imposed a more onerous penalty on him than that of the law in effect at the time he committed his crime. Therefore, the Commission did not violate the *Ex Post Facto* Clause of the U.S. Constitution. Accordingly, this ground of the Petition should be **denied.**

### III.  CONCLUSION

For the reasons stated herein, it is

---

[6] Prior citation format for D.C. MUN. REGS.

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   March 1, 2007
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge